**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BETH A. LOCKHART,

Plaintiff,

-v- 5:26-CV-311 (AJB/ML)

COUNTY OF OSWEGO *et al.*,

Defendants.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

## DECISION & ORDER

### I. INTRODUCTION

On February 25, 2026, *pro se* plaintiff Beth A. Lockhart, a licensed attorney, filed this action against defendant Oswego County and individual defendants Mark Moody, Anthony J. DiMartino, Louis Mannara, and some Jane and John Does. For the reasons stated below, the complaint is dismissed. However, plaintiff is granted thirty (30) days from the date of this opinion to file an amended complaint.

### II. BACKGROUND

The complaint alleges that defendant Mark Moody, then-acting Oswego County district attorney, petitioned and obtained an *ex parte* temporary Extreme Risk Protective Order ("ERPO")[1]

---

[1] An ERPO is a "court-issued order of protection prohibiting a person from purchasing, possessing or attempting to purchase or possess a firearm, rifle or shotgun." N.Y. C.P.L.R. § 6340(1); *see Winters v. New York*, 2020 WL 6586364, at *1 (S.D.N.Y. Nov. 9, 2020).

regarding plaintiff from Oswego County Supreme Court on December 8, 2023. Compl., Dkt. No.1 ¶ 7(a). The district attorney's petition asserted that the temporary ERPO was necessary because there was reason to believe that plaintiff owned, possessed, or had access "to a firearm, rifle[,] or shotgun[.]" *Id.* ¶ 7(b). In making the application, representations were made concerning plaintiff's possession of firearms that plaintiff alleges defendants knew were untrue. *Id.* The state court's issuance of the temporary ERPO "was immediately leaked to the Palladium Times and Syracuse.com[.]" *Id.* ¶ 7(a).

On January 1, 2024, defendant Anthony DiMartino took over as Oswego County district attorney. Compl. ¶ 7(c). DiMartino assigned defendant Louis Mannara, the First Assistant District Attorney, "to prosecute these matters; and the two jointly prosecuted that matter against the Plaintiff herein." *Id.* The vast majority of the complaint centers on allegations of defendants' misconduct in initiating, maintaining, and pursuing these additional proceedings. *See generally* Compl. But plaintiff's complaint, as drafted, indicates neither the nature of the underlying legal proceedings nor the roles the individual defendants did or did not play in them.

For instance, the complaint alleges that, as of January 2024, defendants possessed mental health evaluations from two licensed psychologists stating that plaintiff was not a risk to herself or others as was alleged in the underlying ERPO petition, yet defendants "continued to prosecute that matter in Supreme Court." Compl. ¶ 7(d). Additionally, at that time, the complaint alleges that defendants knew that portions of "the Unified Court System Memorandum" were untrue. *Id.* ¶ 7(f). And, as of an unspecified date, defendants knew "that there were credibility issues as to the alleged Witness Statements." *Id.* Even so, the complaint asserts, defendants "continued the prosecution of the case against Plaintiff[.]" *Id.*

The complaint alleges that defendants failed "to make certain scheduled appearances before the [c]ourt[.]" Compl. ¶ 7(g). During one such appearance, the court "tracked down an Assistant District Attorney from the Oswego County District Attorney's Office, John Doe[.]" *Id.* Doe was unprepared for the proceedings and "the matters had to be adjourned again[,] causing further delay." *Id.*

Further, on April 23, 2024, plaintiff's counsel in the unspecified matter(s) filed a motion to dismiss. Compl. ¶ 7(h). Defendants sought "delay of that motion" and "it was not heard until June 12, 2024." *Id.* After seeking such delay, defendants opposed the motion to dismiss. *Id.* Then, on the eve of oral argument, defendants "sought to disqualify Plaintiff's substituted counsel from arguing the motion[.]" *Id.*

According to the complaint, defendants asserted the existence of "an alleged conflict of interest between counsel and Defendants[,]" and further sought an adjournment. Compl. ¶ 7(h). "Substitute counsel was brought in by Plaintiff the day of the motion for the limited purposes of arguing the motion to prevent the matter from being adjourned." *Id.*

The complaint alleges that plaintiff's motion to dismiss was denied by the court. Compl. ¶ 7(h). Defendants then "attempted to set an immediate trial, knowing Plaintiff did not have counsel as they had just disqualified Plaintiff's retained counsel[.]" *Id.* "[T]his appearance was leaked to the local press and media[.]" *Id.* Additionally, defendants addressed the media. *Id.*

The complaint further alleges that defendants repeatedly made last-minute *ex parte* applications to extend the temporary ERPO, and that defendants impeded discovery. Compl. ¶¶ 7(i), 7(e); *see id.* ¶ 7(j) ("During the course of the pending matter, Defendants continued to fail to disclose discovery even after having been ordered to do so by the [c]ourt.").

According to the complaint, "[t]he subsequent trial was delayed until December 6, 2024." Compl. ¶ 7(l). "Again, media was alerted to appear for this Trial." *Id.* "At trial, which Defendant's [*sic*] delayed for 364 days from filing, Defendants failed to put in any proof on their application, offered no witnesses or evidence, and consented to dismissal[.]" *Id.*

The ERPO was vacated and sealed, and "[a]n [o]rder of dismissal and sealing the record was filed and entered on February 26, 2025." Compl. ¶ 7(l). "However, no corresponding Order directing the return of Plaintiff's firearms was entered." *Id.*

**III. STANDARD OF REVIEW**

The Federal Rules of Civil Procedure permit a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To assess this facial plausibility requirement, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and draw all reasonable inferences in favor of the plaintiff, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In doing so, the court generally confines itself to the facts alleged in the pleading, documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

**IV. DISCUSSION**

**A. Materials Outside the Complaint**

"At the outset, the Court notes that briefing by both parties attempts to use facts from outside the pleadings to bolster their arguments." *Zama Cap. Advisors LP v. Universal Ent. Corp.*, 2025 WL 968783, at *26 (S.D.N.Y. Mar. 31, 2025).

"In general, in resolving a motion to dismiss under Rule 12(b)(6), a district court may consider only the allegations on the face of the complaint and the materials it attaches." *Moraes v. White*, 571 F. Supp. 3d 77, 91 (S.D.N.Y. 2021). "However, it is well-settled that when disposing of motions to dismiss, courts are permitted to consider extrinsic documents that are integral to the complaint, either because the documents are incorporated by reference or because the complaint relies heavily upon the terms and effects of the extrinsic documents." *Ravarino v. Voya Fin. Inc.*, 2023 WL 3981280, at *4 (D. Conn. June 13, 2023) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Pincover v. J.P. Morgan Chase Bank, N.A.*, 592 F. Supp. 3d 212, 220–21 (S.D.N.Y. 2022) ("In reviewing a motion to dismiss, a court may consider, *inter alia*, (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are "integral" to the complaint without converting the motion to dismiss to a motion for summary judgment. For a document to be incorporated by reference, the complaint must make a clear, definite and substantial reference to the document. For the document to be 'integral,' the complaint must rely heavily upon its terms and effects, and the plaintiff must have actual notice of all the information in the documents and relied upon those documents in framing the complaint.") (internal citations and alterations omitted).

Defendants ask the Court to take judicial notice of three exhibits: (1) a March 17, 2025, internet news article from Syracuse.com, (2) plaintiff's complaint in *Lockhart v. County of Onondaga*, and (3) her amended complaint in the same. *See* Dkt. Nos. 12-3, 12-4, 12-5.

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Hester-Bey v. E. Dist. Ct. Officer*, 2014 WL 1761028, at *4 (E.D.N.Y. Apr. 9, 2014) (quoting *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006)). Similarly, "[a]t the motion to dismiss stage, the Court can take judicial notice that a newspaper article was published, but cannot take judicial notice of the truth of the facts in the article." *Reid v. City of New York*, 2021 WL 3477243, at *12 n.11 (S.D.N.Y. Aug. 6, 2021) (internal citations omitted), *report and recommendation adopted,* 2021 WL 4177756 (S.D.N.Y. Sept. 14, 2021).

However, defendants offer these exhibits in an effort to rely on facts not asserted or incorporated by reference in plaintiff's complaint. *See, e.g.*, Defs.' Mot., Dkt. No. 12-1 at 3–4. That is impermissible at the motion-to-dismiss stage. *See, e.g.*, *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013). As plaintiff correctly notes, defendants' exhibits are "not a part of, nor contained anywhere within the . . . complaint[,] which Defendants are confined to . . . for purposes of this motion." Pl.'s Decl., Dkt. No. 16 ¶ 22. Accordingly, the Court will not take judicial notice of defendants' exhibits.

For her part, plaintiff also introduces additional factual allegations in her opposition papers. But "[f]actual assertions raised for the first time in a plaintiff's opposition papers, including supporting affidavits and exhibits, are not properly considered by the Court on a motion to dismiss as that would constitute improper reliance on matters outside the pleadings." *Pincover v. J.P.*

*Morgan Chase Bank, N.A.*, 592 F. Supp. 3d 212, 221 (S.D.N.Y. 2022) (quoting *MacCartney v. O'Dell*, 2016 WL 815279, at *3 (S.D.N.Y. Feb. 29, 2016)). Thus, while plaintiff's opposition introduces several novel facts and details, the Court can, and will, only consider facts raised in her complaint.[2]

**B. Special Solicitude**

Plaintiff, who is proceeding in this case *pro se*, asserts that "[c]ourts are required to interpret *pro se* pleadings 'to raise the strongest claims that they suggest.'" Pl.'s Resp., Dkt. No. 16-2 at 12 (quoting *Reppert v. New York State Dep't of State*, 2022 WL 2315603, at *5 (N.D.N.Y. June 28, 2022)). True, courts are "ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, *pro se* litigants who are attorneys "do[] not receive the special solicitude typically owed *pro se* litigants[.]" *Cox v. Dep't of Just.*, 111 F.4th 198, 207 (2d Cir. 2024); *see, e.g.*, *Bank v. Sirlin*, 830 F. App'x 690 (2d Cir. 2020) (summary order).

**C. Rule 8(a)**

Plaintiff's complaint matches the characteristics of a "shotgun pleading." *See Cisse v. Annucci*, 2022 WL 1183274, at *2 (N.D.N.Y. Apr. 21, 2022) (describing two types of "shotgun pleadings" as (1) "being replete with . . . facts not obviously connected to any particular cause of action," and (2) "one that . . . [does] not separat[e] into a different count each cause of action or claim for relief") (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). It consists of little more than a laundry list of naming causes of actions without factual support.[3]

[2] Nor will the Court consider the exhibit attached to plaintiff's opposition papers. *See* Dkt. No. 16-1.

[3] *See* Compl. ¶ 6 ("The nature of the claim is as follows: one which seeks to recover money damages as a result of the intentional, reckless, negligent, and/or grossly negligent conduct of the Defendants herein caused by Defendants actions, omissions and/or conduct as outlined within this complaint that have caused Plaintiff harm, injury, and

"[U]nder Rule 8(a), it is the job of the pleader to provide a short and plain statement of the facts giving rise to each defendant's liability[;] [i]t is not the job of the defendant or the Court to guess at the basis for the plaintiff's claim or to try to stitch together a coherent theory on the plaintiff's behalf." *Ortiz v. Consol. Edison Co. of New York, Inc.*, 2024 WL 3086161, at *12 (S.D.N.Y. June 7, 2024), *report and recommendation adopted,* 2024 WL 3105686 (S.D.N.Y. June 24, 2024).

"If plaintiff were not a[n] attorney, this Court would scour plaintiff's factual allegations in an effort to identify plausible [] claims." *Gray v. City of New York*, 2012 WL 947802, at *11 (E.D.N.Y. Mar. 20, 2012). However, plaintiff is a lawyer, and the Court declines to do so in this case. *See id.* Accordingly, plaintiff's complaint must be dismissed because it fails to comply with Rule 8.

**D. Leave to Amend**

Plaintiff will be given thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If plaintiff files an amended complaint, she must specify the events giving rise to each claim, the date and location of the action or omission giving rise to each claim, name the specific defendant(s) alleged to be responsible for each action or omission or identify them as John and/or Jane Doe(s), explain exactly what each defendant did or failed to do, explain how that action or omission led to a deprivation of plaintiff's rights, and specify which federal constitutional

damages personally and professionally and damaged the Plaintiff s business; and subjected Plaintiff to various violations of her procedural, constitutional, and statutory rights. A non-exhaustive list includes the following: N.Y. Const., Art. I, Sec. 1 relating to rights and privileges; N.Y. Const., Art. I, Sec. 6 relating to due process and protections of enumerated rights; N.Y. Const., Art. I, Sec. 8 relating to freedom of speech; N.Y. Const., Art. I, Sec. 11 relating to equal protection; N.Y. Const., Art. I, Sec. 12 relating to Security Against Unreasonable Searches, Seizures and Interceptions; N.Y. Civil Rights Law, Art. II, § 4 relating right to keep and bear arms that cannot be infringed upon; Negligence; Gross Negligence; Defamation; Interference with existing property rights; Interference with existing and prospective contractual relations; Intentional, Reckless and/or Negligent and/or Grossly Negligent Infliction of Severe Emotional Distress; Prima Facie Tort; Conspiracy; Malicious Prosecution; Discrimination based upon gender; Retaliation; and Federal causes of action under both 42 USC § 1981 and § 1983 for violations of the Second, Fourth and Fourteenth Amendments.").

right(s), New York state constitutional right(s), federal and state statutory rights, and New York common law rights were allegedly violated. Plaintiff is informed that any amended complaint will completely replace, not supplement, the original complaint, and plaintiff must include in the amended complaint all the necessary information and relevant allegations to support her claims. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order: 26-CV-00311.

**V. CONCLUSION**

Plaintiff's complaint is dismissed for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Because the complaint must be dismissed as deficient pursuant to Rule 8(a), defendants' Rule 12(b)(6) motion is denied as moot.

The Court grants Plaintiff leave to file an Amended Complaint within 30 days from the entry date of this Order as set forth above. If Plaintiff fails to file an amended complaint within 30 days or fails to show good cause why she cannot file within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case. All further proceedings shall be stayed for 30 days.

**SO ORDERED.**

Dated: September 30, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge